# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| HESS INDUSTRIES, INC. and | : | Case No. 12-12036 (KJC) |
| HESS ENGINEERING, INC., | : | (Substantively Consolidated) |
| | : | |
| Debtors. | : | |
| | : | |
| | : | Adv. Pro. No. 14-50434 (KJC) |
| | : | |
| ALFRED T. GIULIANO, | : | |
| CHAPTER 7 TRUSTEE, et al., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JUSTIN HILLENBRAND, et al., | : | |
| | : | |
| Defendants. | : | |

**RECITALS:**

**WHEREAS**, On or about July 10, 2012, Hess Industries, Inc., and Hess Engineering Inc., (collectively, "Debtors") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code with this Court, under the above-captioned number;

**WHEREAS**, Alfred T. Guiliano was appointed as Chapter 7 Trustee (the "Trustee") of the estates of the Debtors;

**WHEREAS**, Justin Hillenbrand, Stephen Presser, John Stewart, Jaime McKenzie, Mathew O'Sullivan, Lauer, Robert Bentley, John Clements, David Zenger, and Kenneth Davis (collectively, the "Insureds") are covered by the following insurance policy issued by Westchester Fire Insurance Company ("Westchester") to Hess

{N0754092.2 }

Industries: ACE EXPRESS Private Company Management Indemnity Package, Policy Number DON G25042463 001 (the "Westchester Policy").

**WHEREAS**, subject to all its terms and conditions, the Westchester Policy provides insurance coverage including coverage for:

   a. Direct coverage to Hess and its directors, officers, and employees for employment-practices claims (the "Employment Practices Coverage");

   b. Direct coverage to Hess' directors, officers, and employees for D&O claims and defense costs that are not indemnified by Hess (the "D&O Coverage");

   c. Indemnification coverage to Hess for amounts, if any, paid to the directors, officers, or employees (the "Indemnification Coverage");

   d. Direct coverage to Hess for its errors, omissions, misstatements, neglect, etc. (the "Company Coverage");

   e. Direct coverage to Hess, its directors, officers, and employees, any applicable benefit or retirement plans, and any fiduciary of any such plans, for claims relating to the administration of such plans (the "Fiduciary Coverage"); and

   f. Direct coverage to Hess for loss related to crimes (the "Crime Coverage").

**WHEREAS**, on July 3, 2014, the Trustee commenced an adversary proceeding by filing a complaint against the Insureds, which proceeding is captioned Adversary Proceeding, No. 14-50434 (the "Adversary Action").

**WHEREAS**, although they believe that lifting the stay is not necessary to access the proceeds of the Westchester Policy, the Insureds filed, for the avoidance of doubt, a Joint Motion for (1) An Order Declaring Proceeds Available To Them Under A Certain Insurance Policy Are Not Property Of The Bankruptcy Estate; Or (2) In The Alternative, Relief From The Automatic Stay To Allow Distribution Of Such Proceeds For Defense Costs (the "Joint Motion"). [D.I. 520]

{N0754092.2 }

**WHEREAS**, ACE North American Claims ("ACE"), as claims administrator for the Westchester Policy, has agreed that the Policy appears to require that Westchester advance defense costs on behalf of the Insureds subject to the terms and conditions of the Policy;

**WHEREAS**, the Trustee does not object to the advancement of defense costs and/or indemnity expenses under the Westchester Policy, subject to the terms of this Stipulation.

**STIPULATION:**

**NOW, THEREFORE**, in consideration of the foregoing recitals, it is hereby stipulated, consented to and agreed by and among the Trustee, ACE, and the Insureds as follows:

1. The Insureds do not believe that relief from the automatic stay of Bankruptcy Rule 362(a) is needed to access proceeds of the Westchester Policy. However, all parties agree that, to the extent relief from the automatic stay is required, and subject to the conditions set forth in subparagraphs a.-c. below, the automatic stay of Bankruptcy Code section 362(a) shall be modified, in favor of the Insureds, their counsel, ACE, and Westchester to permit the distribution of the proceeds of the Westchester Policy for payment of defense costs and/or indemnity expenses, pursuant to the terms and conditions of the Policy, in connection with the defense and/or settlement of the Adversary Action, up to the limits of the Policy:

   a. Beginning on September 30, 2015, and on a quarterly basis thereafter, ACE shall report the balance of the Westchester Policy proceeds to the Trustee;

{N0754092.2 }

      b.   Subject to paragraph 2 below, the Trustee reserves his rights to object to distribution of the Westchester Policy proceeds in the future;

      c.   The Insureds, ACE, and Westchester reserve their rights to seek any and all further relief relating to the distribution of proceeds from the Westchester Policy, including but not limited to seeking an Order that the Policy proceeds are not property of the bankruptcy estate.

2.     Notwithstanding the reservation of rights set forth in paragraph 1.b. of this Stipulation, the Trustee shall not be entitled to object to any distribution of the Westchester Policy proceeds *after* such distribution has been made. Thus, while the Trustee may object to the continuation of distributions, the Trustee may not challenge any distributions made prior to the filing of such objection.

3.     This Stipulation, and any action taken by ACE and/or Westchester pursuant to this Stipulation, shall not be construed as a submission to this Court's jurisdiction and shall not waive, limit, restrict, prejudice, or impair any jurisdictional defenses or objections that ACE or Westchester or any of the Insureds may have.

4.     This Stipulation does not modify or alter any provision of the Westchester Policy.

5.     The terms of this Stipulation shall be submitted to the Court and shall be requested to be entered as Order granting the Joint Motion, in part, and, without deciding whether relief from the automatic stay is necessary to access proceeds from the Westchester Policy, modifying, to the extent necessary, the automatic stay as set forth in paragraph 1 of this Stipulation.


6.      This Stipulation may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute one and the same Stipulation.

Dated: May 19, 2015

**FOX ROTHSCHILD LLP**

By:    */s/ Seth A. Niederman*
Seth A. Niederman, Esquire (No. 4588)
919 N. Market Street, Suite 300
p.o. Box 2323
Wilmington, DE  19899-2323
(302) 654-7444/Fax (302) 656-8920
sniederman@foxrothschild.com

-and-

Michael G. Menkowitz, Esquire
Samuel H. Israel, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
(215) 299-2000/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
sisrael@foxrothschild.com

Counsel for Alfred T. Giuliano, Chapter 7 Trustee for the estates of Hess Industries, Inc., and Hess Engineering, Inc.

| **KLEHR HARRISON HARVEY BRANZBURG LLP** | **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN** |
|---|---|
| By:   */s/ Linda Richenderfer*<br>Linda Richenderfer, Esq. (DE #4138)<br>919 Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>Tel: (302) 426-1189<br>Fax: (302) 426-9193<br><br>      -and- | By:   */s/ Thomas D. Walsh*<br>Thomas D. Walsh, Esq. (DE #3783)<br>1007 North Orange Street, Suite 600<br>P.O. Box 8888<br>Wilmington, DE 19899-8888<br>Tel: (302) 552-4325<br>Fax: (302) 552-4340<br>Email: TDWalsh@mdwcg.com |

| | |
|---|---|
| **KIRKLAND & ELLIS LLP** | -and- |

| | |
|---|---|
| Michael B. Slade, Esq. (admitted *pro hac vice*) | Arthur W. Lefco, Esq. (admitted *pro hac vice*) |
| Rachel B. Haig, Esq. (admitted *pro hac vice*) | Gregory W. Fox, Esq. (admitted *pro hac vice*) |
| 300 North LaSalle | MARSHALL DENNEHEY WARNER |
| Chicago, Illinois 60654 |    COLEMAN & GOGGIN |
| Tel: (312) 862-2000 | 2000 Market Street, Suite 2300 |
| Fax: (312) 862-2200 | Philadelphia, PA 19103 |
| | Tel: (215) 575-2600 |
| *Counsel for Defendants Justin Hillenbrand, Stephen Presser, Jaime McKenzie, John Stewart, and Matthew O'Sullivan* | *Counsel for Defendants Roxanne Lauer, Robert Bentley, John Clements, and David Zenger* |

**MARGOLIS EDELSTEIN**

By: /s/ James E. Huggett
James E. Huggett, Esq. (DE #3956)
Stephanie Noble Tickle, Esq. (DE #5397)
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
Tel: (302) 888-1112

*Counsel for Defendant Kenneth Davis*

**ACE NORTH AMERICAN CLAIMS**

By: /s/ Linda Krajeck
Linda Krajeck Warren
Senior Claim Director
ACE North American Claims
11575 Great Oaks Way
Alpharetta, GA 30022
Tel: (678) 795-4283
Fax: (866) 635-5688